Steven ZAPATA, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee

2016–SC–000020–MR

Supreme Court of Kentucky.

APRIL 27, 2017

COUNSEL FOR APPELLANT: Susan Jackson Balliet, Assistant Public Advocate

COUNSEL FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, James Daryl Havey, Assistant Attorney General

### OPINION OF THE COURT
### BY JUSTICE WRIGHT

Appellant, Steven Zapata, entered a plea under *North Carolina v. Alford*, 400 U.S. 25, 91, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of murder. In accordance with the plea agreement, the trial court sentenced Zapata to 24 years' imprisonment. He appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), and argues that the "trial court erred by resolving an involuntary plea issue without taking evidence and without appointing conflict-free counsel."

## I. BACKGROUND

A Jefferson County Grand Jury indicted Zapata on one count of murder for his wife's death. Before trial, he made a motion under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to be appointed as "co-counsel" in order to "assist his [counsel] in his defense."[1] The trial court granted Zapata's request to act as hybrid counsel.

■ Before trial, Zapata entered an *Alford* plea to one count of murder. "Due process requires a trial court to make an affirmative showing, on the record, that a guilty plea is voluntary and intelligent before it may be accepted." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 565 (Ky. 2006) (*citing Boykin v. Alabama*, 395 U.S. 238, 241–42, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The trial court conducted the *Boykin* colloquy and explained that Zapata was waiving the right to challenge the evidence, cross-examine witnesses, and offer evidence in his defense. The court instructed Zapata that if he entered a guilty plea, "the case is over" and he could not appeal. Zapata agreed that the Commonwealth had evidence to prove that he had

---

1. Neither party takes issue with the adequacy of the trial court's *Faretta* colloquy; however, the parties disagree as to the effect of the trial court's ruling on the motion. Zapata insists the trial court "never did rule on the *Faretta* question." However, the record shows that, while Zapata had yet to decide which roles he would assume during trial, the trial court allowed him to act as co-counsel. The only thing left open was Zapata's role in the trial.

killed his wife and went ahead with the plea.

However, before sentencing, Zapata's counsel submitted a motion to withdraw that plea, though she indicated "undersigned counsel takes no position on this motion." Zapata filed another motion to withdraw his plea and for an evidentiary hearing under *Edmonds*. He asserted an evidentiary hearing "is required when, as here, a defendant makes an allegation of ineffective assistance of counsel that cannot be resolved from referral to the record." At the hearing on the motion, Zapata argued, among other things, that his counsel deceived him when she informed him he could withdraw his plea any time before sentencing with "no problem" and that his plea was not voluntarily entered. The trial court conducted a hearing on the motion; however, it did not take sworn testimony or allow Zapata to call witnesses or present other evidence.

## II. ANALYSIS

■ Zapata argues that he was denied counsel concerning his motion to withdraw his guilty plea. As the United States Supreme Court held, "a trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). This Court recently held that "a pre-judgment proceeding at which a defendant seeks to withdraw his guilty plea is a critical stage of the proceedings at which he is entitled to the assistance of counsel." *Commonwealth v. Tigue*, 459 S.W.3d 372, 382 (Ky. 2015). Furthermore, "prejudice is presumed when counsel is burdened by an actual conflict of interest," *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*citing Cuyler v. Sullivan*, 446 U.S. 335, 345–350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

Zapata's trial counsel did prepare a motion for him to withdraw his plea and was present at the hearing on that motion. However, she stated that Zapata's allegations toward her concerning the guilty plea put her in an awkward position. However, she pointed the trial court to this Court's decision in *Tigue*, 459 S.W.3d at 389, and insisted her client had a right to representation. She did note that she was unsure of how the fact that Zapata was acting as hybrid counsel complicated the matter. Counsel indicated that she would only answer the questions the trial court ordered her to answer, but "in the interest of representing him" it was "not prudent to offer responses to those accusations." When the trial court told the parties they should brief the issue, Zapata's counsel declined.

■ The trial court determined that, while Zapata had the right to a lawyer at a motion to withdraw a guilty plea, his current counsel fulfilled that role. When Zapata's counsel asked the trial court if she could "effectively do that ... under the circumstances," the court stated that Zapata was representing himself "at least in part." Therefore, the trial court proceeded with the hearing on the motion to withdraw the plea. Zapata did not ask for substitute counsel due to his current counsel's conflict. Therefore, that issue is not preserved for our review. However, Zapata requests palpable error review under RCr 10.26.

■ As this Court pointed out in *Tigue*, "the defendant is generally entitled to an evidentiary hearing when it is alleged that the plea was entered involuntarily." 459 S.W.3d at 387 (*citing Edmonds*, 189 S.W.3d at 566). The exception to this general rule is that "[t]he trial court is free to deny a motion under RCr 8.10 without an evidentiary hearing, 'if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not

grounds for withdrawal even if true.'" *Ruano v. Commonwealth*, No. 2014-SC-000469-MR, 2015 WL 9243549, at *2 (Ky. Dec. 17, 2015) (quoting *United States v. Harris–Thompson*, 751 F.3d 590, 603 (8th Cir. 2014) (citation omitted)). We went on to hold in *Ruano* that "we do not go so far as to say a trial court may always simply rely on its *Boykin* colloquy when faced with a motion to withdraw a guilty plea; but we do say that a defendant must present a colorable argument before a trial court is *required* to hold an evidentiary hearing on the motion to withdraw a guilty plea." *Id.* Here, just as in *Ruano*, "the trial court did conduct a hearing during which [Zapata] and his counsel were questioned .... However, neither [Zapata] nor his counsel was placed under oath."

In denying Zapata's motion without conducting an evidentiary hearing, the trial court relied on the fact that Zapata was "a very sophisticated defendant, and all along the way in the course of litigating this matter I have allowed you to participate and communicate with me. And I am certain that you knew what you were doing on that date and time." Zapata's counsel had nothing to add and he was left to argue the motion—which she clearly opposed—alone.

■ First, as to the trial court's assertion that, because Zapata acted as hybrid counsel, it was somehow okay for his public defender to have a conflict, we disagree. As this Court held in *Deno v. Commonwealth*: "The wording of Section 11 of the Kentucky Constitution, unlike that of the similar provision which appears in the United States Constitution, guarantees a criminal defendant the right: (1) to represent himself pro se; (2) to be represented by counsel; or (3) to have hybrid representation." 177 S.W.3d 753, 757 (Ky. 2005) (footnotes omitted). Zapata's motion to the court was not to represent himself pro se, but rather, to act as "co-counsel." Because

he never asked to conduct his case on his own, but only to assist his court-appointed counsel in doing so, the fact that he was acting as hybrid counsel makes no difference to our analysis. If we hold that his attorney had a conflict and was unable to effectively represent him concerning his motion to withdraw his guilty plea, then he was denied his right to counsel.

■ We will now turn to the facts of this case in order to determine whether Zapata was deprived of his right to counsel. Zapata's counsel prepared a motion for him to withdraw his plea (on which she indicated she took no position), and attended the hearing on that motion. However, she did not assist him during that hearing. In fact, she indicated to the trial court that she had concerns about her effectiveness in representing her client due to the subject of his withdrawal motion. "The decision to seek to withdraw a guilty plea is not merely trial strategy, and cannot be made by counsel. If a defendant has entered a guilty plea and, before entry of final judgment, desires to seek to withdraw that plea, whether because it was allegedly entered in error, under duress, or other reason, he is entitled to the assistance of counsel in making such a request." *Tigue*, 459 S.W.3d at 386. We made it clear in *Tigue* that "counsel's refusal to assist a client, at least in some circumstances, has the same effect—a complete denial of counsel—as counsel's physical absence or being prevented from assisting." *Id.* at 385. "To stand silent and refuse to act on a decision that is personal to the defendant is no different than not being present at all. It is a complete denial of counsel." *Id.* at 386.

■ Likely worse than just not assisting her client was counsel's statement that "in the interest of representing him" it was "not prudent to offer responses to those accusations." This seems to imply that her

responses would be adverse to her client's interests. This is just the sort of conflict we seek to avoid. As we also cited approvingly in *Tigue*:

> "to argue in favor of [her] client's motion would require admitting serious ethical violations and possibly subject [her] to liability for malpractice; on the other hand, '[a]ny contention by counsel that defendant's allegations were not true would ... contradict [her] client.'" *Lopez v. Scully*, 58 F.3d 38, 41 (2d Cir. 1995) (quoting *United States v. Ellison*, 798 F.2d 1102, 1107 (7th Cir.1986) (alteration and omission in original)).

*Tigue*, 459 S.W.3d at 388. There is no doubt an actual conflict existed in this case. Zapata's counsel was placed in the untenable position of defending her own interests which were adverse to her clients.

Apart from the fact that Zapata's case involves hybrid counsel, this case is on all-fours with our unpublished decision in *Ruano*, where:

> According to Ruano, then, his counsel was given the impossible role of both defending him while serving as a witness on behalf of the guilty plea that she herself negotiated. In fact, at the beginning of the trial court's inquiry, Ruano's counsel made the trial court aware that Ruano's decision to withdraw his plea was against her advice. This alleged error is not preserved for our review, so Ruano requests palpable-error review.

*Id.* at *3 (Ky. Dec. 17, 2015). There, we held that the error was palpable, stating that "[t]o say the trial court's discussion on the record was not palpable error would be to overlook our unbroken refrain that an attorney should not testify at trial." There was no actual testimony in either *Ruano* or in Zapata's case from the attorney, but evidentiary hearings should have been held in both at which the attorneys' testimony would have been necessary. Therefore, we hold that the error created a manifest injustice.

The only remaining issue for this Court is to determine the relief to which Zapata is entitled. We have addressed that issue in both *Tigue* and *Ruano* and do not depart from our recent precedent here. We will "rewind this matter to the point in time when [Zapata] had already entered his plea but before he was sentenced.... Thus, we think mandating a hearing on remand is inappropriate. Instead, the appropriate remedy is to vacate the judgment but not, at this point, the guilty plea, and to remand for further proceedings as may be required, depending on" Zapata's actions. *Tigue*, 459 S.W.3d at 390.

### III. CONCLUSION

For the foregoing reasons, we vacate the judgment and the order denying Zapata's motion to withdraw his guilty plea. The case is remanded to the trial court for further proceedings consistent with this opinion. Zapata also filed a motion to advance or expedite the current appeal. We deny that motion as moot.

All sitting. All concur.