# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



# Supreme Court of Kentucky

2018-SC-000388-MR

GEORGE LADD                                  APPELLANT

V.

ON APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
NO. 16-CR-00658

COMMONWEALTH OF KENTUCKY                   APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

George David Ladd pleaded guilty to multiple sexual offenses committed against a minor, for which Ladd ultimately received a total sentence of 25 years' imprisonment in the resulting judgment. Ladd now appeals the judgment as a matter of right,[1] asserting as error the trial court's denial of his motion to withdraw his guilty plea. He essentially makes two arguments: 1) the trial court should have appointed him new counsel to assist him in the withdrawal of his guilty plea; and 2) he did not enter his guilty plea voluntarily. Finding no trial court error, we affirm the judgment.

---

[1] Ky. Const. § 110(2)(b) ("Appeals from a judgment of the Circuit Court imposing a sentence of . . . imprisonment for twenty years or more shall be taken directly to the Supreme Court.").

## I. PROCEEDINGS ON THE GUILTY PLEA AND THE MOTION TO WITHDRAW THE GUILTY PLEA.

Under two separate indictments, Ladd faced multiple charges of sexual offenses committed against a minor and of being a persistent felony offender. Following a plea bargain agreement between Ladd and the Commonwealth, the trial court held a hearing at which Ladd appeared with counsel to enter an Alford plea[2] to specified charges in exchange for the dismissal of specified charges and a recommendation from the Commonwealth for a total effective sentence of up to 25 years' imprisonment. During the trial court's Boykin colloquy,[3] Ladd affirmatively indicated that he believed that pleading guilty under the terms of the plea agreement was in his best interests.

Ladd and the trial court discussed whether Ladd should enter a guilty plea instead of entering an Alford plea.[4] The trial court indicated that his current plea agreement allowing an Alford plea might affect his eligibility for participation in the Sexual Offender Treatment Program ("SOTP") while serving his sentence in the Department of Corrections. Defense counsel informed the trial court that she discussed the issue with Ladd and that her belief was that he would be eligible to complete SOTP. But Ladd disagreed, sharing the trial court's concerns about the availability of SOTP following an Alford plea. Ladd

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[3] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("It [is] error, plain on the face of the record, for [a] trial judge to accept [a defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary.").

[4] An Alford Plea is a guilty plea by a defendant who proclaims innocence of the crimes charged but admits by his plea that the prosecution can present enough evidence at trial to convince a jury that the defendant is guilty beyond a reasonable doubt.

then discussed the offenses alleged against him, stating that he knew "in his heart" that he was not guilty of some of the crimes he was pleading guilty to, "but . . . I know the jury could convict me of them." Ladd then indicated that he was worried about his eligibility for the SOTP, making him "torn" about his ultimate decision to enter an Alford plea. The trial court informed Ladd that neither the trial court nor defense counsel could guarantee an answer to that question either way.

After a little more discussion, Ladd affirmatively indicated to the trial court that entering an Alford plea it would not be in his best interests, to which the trial court assented. Ladd told the trial court he wanted to withdraw his agreement to the Alford plea and, instead, agree to plead guilty to the specified charges, which the trial court allowed. After a thorough colloquy to sum up what was discussed, Ladd agreed that entering a guilty plea would be in his best interests.

The trial court then engaged in another Boykin colloquy with Ladd regarding his entering a guilty plea. Throughout the colloquy, Ladd affirmatively indicated that he understood everything the trial court was telling him. From our review of the hearing, the trial court did not err in finding that Ladd knowingly, intelligently, and voluntarily entered a guilty plea to all charges specified in the final judgment.

Two months after the Boykin hearing, Ladd sent a letter to the trial court, stating the following:

> I have been thinking long and hard about what I'm about to ask of you. I know the crimes I've committed, but I also know the ones I

didn't. In court in March you had said to me that I would deny my charges at trial. No I would not. To be honest with you I would admit to all those charges except 2 [first-degree rape, victim under 12, and sodomy, victim under 12.] I understand I made a guilty plea to those charges but I did that to make my lawyer happy and because she said that was the last offer they w[ere] going to give me and that I would get life if I went to trial. I'm not saying my lawyer told me to take the time[.] I'm saying she thinks it was best for me. I don't want those two charges because I did not do them. So in saying that I am asking and begging of you if you could please take those two charges off.

Treating the letter as a motion to withdraw his guilty plea,[5] the trial court conducted a hearing to determine if Ladd wished to withdraw his guilty plea.

At the beginning of the hearing, defense counsel approached the bench to ask the trial court to inquire of Ladd if he had any issue with her representation. Defense counsel also relayed to the trial court her belief that Ladd thought her negotiation skills to be subpar. The Commonwealth chimed in, indicating that defense counsel "did a good job" and that the Commonwealth's offer, reflected in Ladd's plea agreement, was unequivocally its final offer. Defense counsel also expressed her general belief that an inherent conflict exists in representing the same defendant in that defendant's guilty plea proceedings and the defendant's request to withdraw a guilty plea.

The trial court then had a conversation with Ladd. The trial court asked Ladd if he felt comfortable with defense counsel representing him or if he believed a conflict existed in her representation of him such that he needed

---

[5] *See Russell v. Commonwealth,* 495 S.W.3d 680, 683 (Ky. 2016) ("[A] letter to the court may be construed as a pro se motion if it complies with Criminal Rule 8.14.") (internal citations omitted).

4

another attorney. Ladd responded that he was "torn." Ladd stated that defense counsel "is a good lawyer," pointing to her ability to negotiate a good deal. Ladd continued, stating that at the time of his guilty plea hearing, "everybody was tired" and that he agreed to plead guilty so that "everybody could go home." Ladd also believed himself to fear going to trial at that time and that he now no longer feared a trial.

The trial court then explained to Ladd that he had not alleged that defense counsel pressured him into accepting a plea deal but only that defense counsel informed Ladd that the Commonwealth's offer for that plea deal was the last offer Ladd would get. The trial court then stated, "I'll give you another attorney for the purposes of this hearing if you would like, or we could go forward. I'm leaving it up to you, George, you just tell me." Ladd told the trial court that he felt comfortable with his attorney because she was familiar with his case.

Ladd and the trial court then discussed why Ladd wanted to withdraw his guilty plea. Ladd's ultimate reason for wanting to withdraw his guilty plea was that he "[knows] it in [his] heart" that he did not commit the two charges he described in his letter to the court. Ladd also wanted to take his chances at trial. Finally, Ladd reiterated his belief that he could have gotten a better deal than the one to which he agreed.

The trial court ultimately denied Ladd's motion to withdraw his guilty plea, concluding that Ladd had not offered a sufficient reason for withdrawing

it. The trial court ultimately entered judgment accordingly and this appeal followed.

## II. THE TRIAL COURT DID NOT ERR IN DENYING LADD'S MOTION TO WITHDRAW HIS GUILTY PLEA.

"At any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted."[6] We review the trial court's denial of a motion to withdraw a guilty plea under the abuse of discretion standard.[7] "So we will not disturb the denial of [Ladd's] motion to withdraw his guilty plea absent a determination that the trial court's ruling was 'arbitrary, unreasonable, unfair, or unsupported by legal principles.'"[8]

### A. No inherent conflict exists when same defense counsel represents defendant in proceedings for entry of guilty plea and on motion to withdraw the guilty plea.

Ladd first argues that new counsel should have been appointed by the trial court. But the only suggestion of any conflict existing in this case is the purported conflict defense counsel identified—a purported inherent conflict for a defense attorney to represent a defendant in his or her entering of a guilty plea and then to represent that same defendant on that defendant's motion to withdraw that guilty plea. And in *Dorsey v. Commonwealth*, we rejected the assertion that this senario alone creates a conflict that puts the defendant's Sixth Amendment right to counsel at risk.[9]

---

[6] Kentucky Rules of Criminal Procedure ("RCr") 8.10.

[7] *Greene v. Commonwealth*, 475 S.W.3d 626, 630 (Ky. 2015).

[8] *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

[9] 565 S.W.3d 569, 574–77 (Ky. 2018).

6

In *Dorsey*, we identified the same purported inherent conflict at issue in this case, yet concluded, after an evaluation of the totality of the circumstances, that defense counsel "was not laboring under a conflict."[10] So it appears that *Dorsey* stands for the proposition that some evidence of an actual conflict must exist to call into question a defendant's knowing, voluntary, and intelligent assent to that defendant's guilty plea for this Court to find reversible error in the trial court's refusal to appoint new counsel in a situation where defense counsel has represented a defendant in the entering of a guilty plea and in the defendant's seeking of a withdrawal of that plea.

Even in cases where we have found a conflict to exist to require reversal of the trial court's denial of a defendant's motion to withdraw a guilty plea, we have done so only after finding evidence of an actual conflict in defense counsel's representation of a defendant calling into question the knowing, intelligent, and voluntary nature of a defendant's entering a guilty plea. For example, in *Zapata v. Commonwealth*, the defendant alleged that defense counsel deceived him into entering into a guilty plea, calling into question the voluntariness of entering into that plea.[11] In *Commonwealth v. Tigue*, the defendant alleged that defense counsel coerced him into entering into a guilty plea by refusing to prepare a defense, again, calling into question the voluntariness of entering into that plea.[12] And while Ladd likens his case to the

---

[10] *Id.* at 574.

[11] *Zapata v. Commonwealth*, 516 S.W.3d 799, 800–03 (Ky. 2017).

[12] *Commonwealth v. Tigue*, 459 S.W.3d 372, 384–88 (Ky. 2015).

Court of Appeals' decision in *Sturgill v. Commonwealth*, that case also evidenced an actual conflict between the defendant and defense counsel—the defendant claimed that he entered into the guilty plea "against his will," once again calling into question the voluntariness of that plea.[13]

We see nothing in the present case to suggest a conflict in defense counsel's representation of Ladd. Based on Ladd's letter and testimony during the second hearing, his entire basis for withdrawing his guilty plea is essentially buyer's remorse—a nagging regret at having pleaded guilty to two crimes that he now asserts he did not commit. To this day, Ladd has not asserted that agreeing to his guilty plea was not in his best interests—he simply has had a change of heart. But simply having a change of heart does not call into question Ladd's knowing, voluntary, and intelligent assertion of guilt following the trial court's thorough Boykin colloquy. Furthermore, Ladd affirmatively rejected the assertion that any conflict existed in defense counsel's representation of him.

Moreover, there is no indication from the record that defense counsel coerced or pressured Ladd into accepting the plea deal to call into question Ladd's knowing, intelligent, and voluntary guilty plea. In fact, at both hearings and in his letter, Ladd refuted such an assertion—"I'm not saying my lawyer told me to take the time[.]" Not only was no coercion present—Ladd has never expressed disagreement with defense counsel in his entering into of a straight

---

[13] *Sturgill v. Commonwealth*, 553 S.W.3d 204, 207 (Ky. App. 2017).

guilty plea in general. While Ladd believes a better deal could have been struck than the actual one he entered into, the only real disagreement he has had with defense counsel, the Commonwealth affirmatively indicated multiple times that the offer he agreed to was the best offer he was going to get.

## B. Ladd's guilty plea was validly entered.

Based on our own review of the record, we can definitively say that Ladd entered into his plea knowingly, voluntarily, and intelligently.[14] Ladd's lengthy discussions with the trial court during his initial hearing on his guilty plea show Ladd to be a well-informed defendant who was able to converse with the trial court about his case on a high level. Ladd's allegation that he agreed to his plea deal because everyone was tired and wanted to go home is rebutted by the trial court's numerous statements at the Boykin hearing that Ladd should think long and hard about accepting the plea offer, such as, "This is your life, George." Finally, the trial court explained Ladd's constitutional rights to him in detail and all the benefits of going to trial, somewhat discounting the strength of Ladd's claim that he was "scared" to go to trial.

## III.    CONCLUSION.

Finding no trial court error, we affirm the judgment.

Minton, C.J., Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur. Buckingham, J., not sitting.

---

[14] *See Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001) ("A guilty plea is valid only when it is entered intelligently and voluntarily.") (citing *Centers v. Commonwealth*, 799 S.W.2d 51, 74 (Ky. App. 1990)).

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General