RENDERED: OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0317-MR

THOMAS E. FLEENER          APPELLANT

v.      APPEAL FROM MARION CIRCUIT COURT
HONORABLE DAN KELLY, JUDGE
ACTION NO. 17-CR-00139-001

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Thomas E. Fleener brings this appeal from February 20, 2020, orders of the Marion Circuit Court upon his guilty plea to the offenses of tampering with physical evidence and leaving the scene of an accident. We affirm.

On July 16, 2017, a motor vehicle occupied by Fleener and Megan Medley hit and killed a pedestrian, Landon Wheatley. Fleener and Medley reported that they found the body in the roadway but denied involvement.

Eventually, Marion County deputies discovered that a vehicle at Fleener and Medley's residence had damage consistent with hitting Wheatley and contained human remains underneath. Fleener and Medley eventually admitted that their vehicle struck Wheatley; however, both Fleener and Medley claimed to have been driving at the time. They also admitted to consuming alcoholic beverages before the accident.

On August 28, 2017, Fleener was indicted by the Marion County Grand Jury upon tampering with physical evidence (Kentucky Revised Statutes (KRS) 524.100) and leaving the scene of an accident (KRS 189.580(1)). These offenses were both Class D felonies.

Before trial, Fleener and the Commonwealth reached a plea agreement. Under its terms, the Commonwealth agreed to pretrial diversion for five years for the felony offense of tampering with physical evidence. The Commonwealth also agreed to amend the felony offense of leaving the scene of an accident to a misdemeanor with a twelve-month sentence of imprisonment probated for a period of two years.

On August 15, 2019, Fleener entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) before the circuit court. The video record reflects that the court conducted a colloquy with Fleener pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969).

Thereafter, Fleener obtained new counsel and filed a motion to withdraw guilty plea on August 28, 2019.  In relevant part, Fleener maintained:

> 2.      [Fleener's] entry of a guilty plea was not knowing and voluntary.
>
> 3.      [Fleener] did not understand the conditions of the plea at the time he entered an Alford plea.

August 28, 2019, motion to withdraw guilty plea at 1.  By order entered February 6, 2020, the circuit court denied Fleener's motion to set aside guilty plea.  The circuit court concluded, in relevant part:

> At the hearing on the motion to enter the plea, [Fleener] was present with counsel.  The Court engaged in a very thorough colloquy with [Fleener] regarding his rights as a person charged with a crime and reviewed in detail his understanding of the terms of the agreement and the consequences of entering the plea and being placed on pretrial diversion supervision.
>
> It is also clear that [Fleener] understood the impact of the plea on his driver's license privileges at the time he entered his plea because his attorney asked the Court to delay the sentencing to a future date to allow [Fleener] time to make arrangements for transportation to and from work.  The Court granted that request and rescheduled the case for final sentencing six weeks later on September 26, 2019.
>
> According to newly retained counsel for [Fleener], he came to her office the day after entering his plea and sought a motion to withdraw his plea.  The parties appeared in court on this motion on September 12, 2019, October 17, 2019[,] and December 19, 2019.  The Court has reviewed the video recording of the prior hearings

including specifically the August 15, 2019[,] hearing when the plea was entered.

There is no question in the Court's mind that [Fleener] understood the terms of the plea agreement and the consequences of entering the plea. The Court also concludes that [Fleener] understood the constitutional rights that he was waiving and that he knowingly, intelligently and voluntarily waived those rights at the time he entered his plea.

February 6, 2020, order at 1-2. Subsequently, on February 20, 2020, the circuit court sentenced Fleener consistent with the plea agreement. This appeal follows.

Fleener contends that he "was not afforded the opportunity to present the facts to the trial court in support of his motion to set aside guilty plea." Fleener's Brief at 6. Fleener also argues that the circuit court's denial of his motion to set aside guilty plea was "arbitrary, unreasonable, unfair, and/or unsupported by sound legal principles." Fleener's Brief at 7. Fleener points out that after hearing arguments upon his motion to withdraw guilty plea on December 19, 2019, Judge Allen Bertram vacated the bench, and Judge Dan Kelly replaced him. Fleener states that Judge Kelly then denied the motion without hearing arguments and without conducting an evidentiary hearing. Fleener maintains that the circuit court abused its discretion by denying his motion to withdraw guilty plea.

Under Kentucky Rules of Criminal Procedure (RCr) 8.10, a trial court may permit a defendant to withdraw his guilty plea prior to final judgment. A

guilty plea may be withdrawn if it was not entered intelligently and/or voluntarily. *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001); *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002). A guilty plea is considered to be involuntary "if the defendant lacked a full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). And, a guilty plea is considered to be intelligent "if a defendant is advised by competent counsel regarding the consequences of entering a guilty plea, including the constitutional rights that are waived thereby, is informed of the nature of the charge against him, and is competent at the time the plea is entered." *Id.* The voluntariness of a guilty plea is determined based upon the totality of the circumstances. *Thomas v. Commonwealth*, 605 S.W.3d 545, 555 (Ky. 2020), *abrogated on other grounds by Abbott, Inc. v. Guirguis*, 626 S.W.3d 475 (Ky. 2021). Generally, the defendant is afforded an evidentiary hearing when he alleges the guilty plea was involuntary. *Zapata v. Commonwealth*, 516 S.W.3d 799, 801 (Ky. 2017).

In this case, the record reveals that Fleener filed a motion to withdraw guilty plea on August 28, 2019. The parties then appeared before the court on September 12, 2019, October 17, 2019, and December 19, 2019, concerning the motion. In particular, on December 19, 2019, both parties agreed to submit the motion to withdraw to the court for a decision without conducting an evidentiary

-5-

hearing. Fleener specifically stated that the court could rule upon the motion by reviewing the video record of the guilty plea proceeding and by considering the memoranda of arguments submitted by the parties. The court ordered Fleener to file a memorandum of arguments supporting the motion to withdraw by January 31, 2020. However, Fleener failed to file the memorandum, and on February 6, 2020, the circuit court denied the motion after reviewing the video record of the guilty plea proceeding.

As Fleener agreed that no evidentiary hearing was necessary before the circuit court, Fleener may not now argue on appeal that the circuit court erred by failing to conduct same. And, although a successor judge (Judge Dan Kelly) rendered the order denying the motion to withdraw guilty plea, it is clear that no error occurred. As stated in *Herring v. Moore*, 561 S.W.2d 95, 98 (Ky. App. 1977):

> Kentucky has long adhered to the prevailing view that a successor judge may, . . . complete the uncompleted acts of a predecessor. *Jackson v. Commonwealth*, Ky., 445 S.W.2d 835 (1969); *Golden v. Grace Faith Tabernacle*, Ky., 424 S.W.2d 829 (1968). The court is an entity, not a person, and when one judge is replaced by another, whether the reason be death, disability, election or otherwise, the new judge is empowered to carry on the business of the court to the same extent as his predecessor, had he remained on the bench.

So, when Fleener failed to file a memorandum by January 31, 2020, the circuit court properly reviewed the video record of the guilty plea, as agreed by Fleener, and rendered an order upon the motion to withdraw.

Additionally, the circuit court did not commit reversible error by denying the motion to withdraw on the merits. The motion to withdraw simply stated that the guilty plea was not knowing and voluntary and that the defendant failed to understand "the conditions of the plea." August 28, 2019, motion to withdraw at 1. Beyond these general allegations, Fleener offered no legal analysis, argument, or supporting facts. In the face of only conclusory allegations in the motion to withdraw, the circuit court's denial of the motion to withdraw guilty plea was not clearly erroneous or an abuse of discretion. *See Zapata*, 516 S.W.3d at 801-02.

Fleener next asserts that trial counsel was ineffective for advising him to plead guilty. In particular, Fleener maintains that trial counsel was ineffective for failing to hire an investigator and for failing to obtain a ruling upon his motion to suppress evidence.

In his motion to withdraw guilty plea, Fleener failed to specifically allege ineffective assistance of trial counsel, and in its order denying the motion, the circuit court did not address the issue. A claim of ineffective assistance of trial counsel should be initially considered by the trial court and, thereafter, by appeal to

-7-

this Court. However, it is clear that Fleener's counsel did not render ineffective assistance.

To demonstrate ineffective assistance of trial counsel, Fleener must prove that trial counsel's performance was deficient and that absent the errors of trial counsel, there exists a reasonable probability Fleener would not have pleaded guilty but would have insisted on a trial. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). Fleener was facing two Class D felonies in connection with the death of a pedestrian. The evidence against Fleener was substantial – he admitted to driving the vehicle that struck the pedestrian and remains of the pedestrian were found underneath the vehicle. Under the plea agreement, Fleener pleaded guilty to one felony and to one misdemeanor; moreover, his sentences of imprisonment were either probated or diverted. Considering the favorable terms of the plea agreement, we simply do not believe that a reasonable probability exists that Fleener would not have accepted the plea agreement absent the alleged errors of trial counsel.

In sum, we are of the opinion that the circuit court did not commit reversible error by denying Fleener's motion to withdraw guilty plea.

For the foregoing reasons, the orders of the Marion Circuit Court are affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Dawn L. McCauley
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

James C. Shackelford
Assistant Attorney General
Frankfort, Kentucky