Jimmie STURGILL, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2015-CA-000191-MR & NO. 2015-CA-001042-MR

Court of Appeals of Kentucky.

SEPTEMBER 15, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Steven J. Buck, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: ACREE, DIXON, AND JONES, JUDGES.

## OPINION

JONES, JUDGE:

Jimmie Sturgill appeals from two Hardin Circuit Court judgments after entering guilty pleas to multiple charges under two separate indictments. By order of this Court, the appeals have been consolidated for all purposes, including briefing. Sturgill raises two arguments: first, that the trial court erred in denying his motion to withdraw the guilty pleas, and second, that he was entitled to conflict counsel. Upon review, we conclude that Sturgill was effec-

tively without counsel in asserting his motion to withdraw his guilty plea. As a result, we must vacate the judgment and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sturgill faced two separate Hardin Circuit Court indictments: case numbers 12-CR-00337 and 13-CR-00179. After several of the charges in case number 12-CR-00337 were severed, Sturgill was tried and found guilty of twelve counts of unlawful use of electronic means to induce a minor to engage in sexual or other prohibited activities. He received a sentence of five years. He filed a direct appeal of the final judgment which is currently being held in abeyance pending the outcome of the present appeal.[1]

Sturgill also went to trial in case number 13-CR-00179 on a charge of first-degree sodomy. That trial resulted in a hung jury. The Commonwealth then offered Sturgill the opportunity to plead guilty to an amended charge of first-degree · sexual abuse in return for a recommendation of a one-year sentence, to run consecutively to the five-year sentence he received following the trial in case number 12-CR-00337.

The Commonwealth also offered Sturgill the opportunity to resolve the charges remaining in case number 12-CR-00337. In exchange for a plea of guilty to two charges of first-degree sexual abuse, the Commonwealth agreed to recommend five-year sentences on each charge, to run concurrently with one another and concurrently with the five-year sentence Sturgill already had under that indictment. The agreement also required Sturgill to waive his right to appeal the jury verdict in case number 12-CR-00337. Sturgill accepted and signed both offers.

Under case number 13-CR-00179, the facts set forth in the guilty plea offer stated "[t]hat between April 6, 2010 and June 6, 2010, in Hardin County, Kentucky, the Defendant subjected the juvenile, A.P. to sexual contact. Victim was less than 16 and the Defendant was in a position of authority." Under case number 12-CR-00337, the facts set forth in the guilty plea offer stated "[t]hat between July 31, 2009 and August 1, 2009 and again on August 21, 2009, in Hardin County Kentucky, the Defendant subjected the juvenile, A.B., to sexual contact, by forcible compulsion. Victim was 9 years old."

On February 27, 2014, the trial court held a hearing on Sturgill's motion to enter the guilty pleas. Sturgill confirmed that he and his attorney had discussed the charges, the possible penalties, and his options should he choose to defend against the charges. He stated that he was satisfied that he fully understood his legal situation and what it meant to enter the guilty pleas. The trial court read aloud a list of the constitutional rights Sturgill would be waiving by pleading guilty. Sturgill stated that he had not been influenced or forced in any way to enter the guilty pleas against his will, and that entering the pleas was in his best interest.

Sturgill also acknowledged that he read and understood the guilty plea forms before signing them. The trial court informed Sturgill that, by entering the guilty pleas, he would be telling the court that he was satisfied with his attorney's work on his case and that there was not anything left undone that he wanted his attorney to do that would make a difference to him in the decision to plead guilty. The trial court also told Sturgill that he would be stating that he was actually guilty and would not be making an unspoken claim of being innocent. Sturgill said he was satisfied

---

1. *See Sturgill v. Commonwealth,* No. 2013-CA-  001807-MR.

with the services and advice of his attorney, and that he was ready to proceed with his guilty pleas.

Sturgill further assured the court that no one, including his attorney, had made any kind of promise that differed from what was set forth on the written forms. The trial court noted that Sturgill would be waiving his right to appeal the portion of case number 12-CR-00337 that went to trial. The trial court also asked him if the statements of fact on the guilty plea forms were truthful statements of what he did, and Sturgill said they were. The trial court found that Sturgill was making knowing, intelligent, and voluntary pleas of guilty to the charges. The trial court then entered the pleas and set a hearing date for final sentencing.

At Sturgill's final sentencing hearing, which was held about two months later on April 22, 2014, his attorney informed the trial court that Sturgill had contacted him a few weeks before and told him he wished to withdraw his guilty pleas. It does not appear from the record that Sturgill's counsel filed a written motion following his discussions with Sturgill. As such, the trial court asked Sturgill's counsel if he was making an oral motion to withdraw the plea on Sturgill's behalf. Counsel replied that he was doing so. The trial court then asked defense counsel if the motion was against his advice. Counsel replied, "Yes, absolutely." Defense counsel added that if the trial court were to grant the motion, he was requesting permission from the court to withdraw from representing Sturgill any further on his cases.

Next, the trial court placed Sturgill under oath. Instead of allowing Sturgill's counsel to question him first, the trial court did so. The trial court first asked Sturgill why he wanted to withdraw his pleas. Sturgill explained that, because his trial in case number 13-CR-00179 resulted in a hung jury, he would rather take his chances with another trial than admit he did something that he did not do. The trial court asked if there was anything else, and Sturgill replied; no. The trial court did not probe any further, Sturgill's counsel was then permitted to question Sturgill. Defense counsel first asked Sturgill if he understood that, despite the fact that there was not any DNA, photographic, or eyewitness evidence against him, the testimony of the alleged victims was evidence. It is unclear how this questioning related to the motion to withdraw itself. Defense counsel then asked Sturgill if he, defense counsel, had allowed him to make his own decisions and not pushed him in any direction, and Sturgill said yes. However, on cross-examination by the Commonwealth, Sturgill testified that the guilty plea was "against his will" and he had not wanted to do it. The Commonwealth then proceeded to ask Sturgill a series of questions about what he admitted during the plea agreement hearing.

After the Commonwealth concluded its questioning, the trial court asked the parties if there was anything else. Sturgill's counsel remained silent. At this point, Sturgill was allowed to leave the witness stand without anyone having questioned him further about his claim that his plea was made "against his will." The trial court then proceeded with the remainder of the sentencing hearing indicating that it would announce its decision on the motion to withdraw at the conclusion of the hearing. At the conclusion of the hearing, Sturgill's counsel again reiterated to the trial court that the motion to withdraw was against his advice adding that he had put a lot of time into the cases and adequately explained the plea agreement and its consequences to Sturgill.

The trial court then stated that it found Sturgill's testimony to be entirely "incredi-

ble." It observed that Sturgill had previously stated, under oath, that he was entering his guilty pleas of his own free will and that he made no unspoken claim of innocence. The court stated that Sturgill simply changing his mind or having regrets was not a sufficient reason to allow withdrawal of his pleas. The trial court denied the motion to withdraw the guilty pleas and proceeded to impose sentence in accordance with the plea agreements. This appeal by Sturgill followed.

## II. ANALYSIS

■ Under the terms of Kentucky Rules of Criminal Procedure (RCr) 8.10, a criminal defendant who has pleaded guilty may withdraw the plea under certain conditions. "If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (internal citations omitted). The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.* A decision that is supported by substantial evidence is not clearly erroneous. *Id.* If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. *Id.* A trial court abuses its discretion when it renders a decision that is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id.*

■ The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citing *North Carolina v. Al-*

*ford*, 400 U.S. 25, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969)).

■ It is well accepted that "[a] criminal defendant has a right to be represented by counsel that extends beyond the actual trial to every critical stage of the proceedings." *Stone v. Commonwealth*, 217 S.W.3d 233, 237 (Ky. 2007). "[A] motion to withdraw a guilty plea made before entry of the final judgment of conviction and sentence is a 'critical stage' of the criminal proceedings to which the right to counsel attaches." *Commonwealth v. Tigue*, 459 S.W.3d 372, 384 (Ky. 2015). "[P]rejudice may be presumed, and a *per se* Sixth Amendment violation may thus be found, when there has been a complete denial of counsel ... at a critical stage of the criminal proceeding ... or when counsel is burdened by an actual conflict of interest[.]" *Id.* at 385 (internal citations and quotation marks omitted). Sturgill argues that his defense counsel was conflicted because Sturgill's motion to withdraw pitted defense counsel's interests against Sturgill's interests. Sturgill also asserts that a review of the record demonstrates that this conflict manifested itself insomuch as counsel failed to offer any argument or support to encourage the trial court to rule in Sturgill's favor.

In *Tigue*, the appellant sought to withdraw his guilty plea, claiming that his attorneys threatened him and refused to prepare a defense in order to force him into entering the plea. *Id.* at 387. The Kentucky Supreme Court held that Tigue's counsel was operating under an actual conflict of interest, because "[w]hen a 'defendant ma[kes] a claim of coercion during his plea withdrawal hearing ... his accusation

place[s] his attorney in the position of having to defend himself, and potentially to contradict [the defendant], in open court.' This moves beyond a generic claim of coercion and shows an actual conflict of interest." *Id.* at 387 (quoting *United States v. Davis*, 239 F.3d 283, 287 (2d Cir. 2001)).

Our Supreme Court also recently addressed whether a defendant was deprived of his right to counsel following his motion to withdraw his guilty plea in *Zapata v. Commonwealth*, 516 S.W.3d 799 (Ky. 2017). There, Zapata's trial counsel prepared a motion for him to withdraw his plea (on which she indicated she took no position) and was present at the hearing. *Id.* at 802. However, counsel did not assist him during the hearing. *Id.* The Court ultimately held that counsel's failure to advocate on her client's behalf effectively denied Zapata of his constitutional right to adequate representation during a critical phase of the criminal proceedings. The *Zapata* court elaborated:

> "The decision to seek to withdraw a guilty plea is not merely trial strategy, and cannot be made by counsel. If a defendant has entered a guilty plea and, before entry of final judgment, desires to seek to withdraw that plea, whether because it was allegedly entered in error, under duress, or other reason, he is entitled to the assistance of counsel in making such a request." *Tigue*, 459 S.W.3d at 386. We made it clear in *Tigue* that "counsel's refusal to assist a client, at least in some circumstances, has the same effect—a complete denial of counsel—as counsel's physical absence or being prevented from assisting." *Id.* at 385. "To stand silent and refuse to act on a decision that is personal to the defendant is no different

than not being present at all. It is a complete denial of counsel." *Id.* at 386. *Zapata*, 516 S.W.3d at 802.

In reaching its outcome, the *Zapata* Court relied on an unpublished opinion, *Ruano v. Commonwealth*, No. 2014-SC-000469-MR, 2015 WL 9243549, at *3 (Ky. Dec. 17, 2015). *Ruano* is strikingly similar to the present situation.[2] In *Ruano*, defense counsel made a motion to withdraw the guilty plea her client had entered earlier in the proceedings. Defense counsel, who had negotiated the plea with the Commonwealth and represented the defendant at the plea hearing, told the trial court that she was making the motion because her client requested her to do so. Like counsel in this case, she also told the trial court that the motion was being made "against her advice." The Court determined that while this statement alone was not indicative of a conflict, counsel's representation at the hearing demonstrated that she was conflicted because the defendant claimed, at least in part, that he was coerced into accepting the plea. The Court was particularly concerned that defense counsel's representation at the withdrawal hearing could suggest that she was more "interested in preserving the plea she had negotiated" than in representing her client's interests. Additionally, the Court noted that at various points defense counsel appeared to be actually arguing against her own client's motion.

We do not know what Sturgill meant when he testified that the plea was made "against his will." Perhaps, as the trial court determined, it simply appeared in hindsight to be a bad bargain that Sturgill now regrets. However, it is also possible that Sturgill believed that his counsel im-

---

**2.** We cite this unpublished opinion as persuasive, not binding, authority. *See* CR 76.28(4)(c).

permissibly pressured him into accepting the plea or failed to properly advise him of its consequences. Had defense counsel simply questioned Sturgill further on this statement and the surrounding plea negotiations we would know for certain. However, he failed to do so.

■ Having reviewed the record carefully, we must conclude that Sturgill was denied effective representation at the withdrawal hearing. It is clear that Sturgill's counsel adamantly opposed Sturgill's attempt to withdraw the plea he negotiated with the Commonwealth. Not only did counsel advise the trial court that the motion was against his advice, he indicated that if the trial court granted the motion, he no longer wanted to represent Sturgill. Counsel's statement that he would move to withdraw if the trial court granted his client's motion is very troubling. Also troubling is the fact that Sturgill's counsel never followed up with Sturgill after he stated on cross-examination that the plea was against his will. The only questioning by Sturgill's counsel appeared to be directed at attempting to convince Sturgill (and the trial court) that the plea was in Sturgill's best interest by reminding him that the alleged victims' testimony would be evidence against him at any future trial. And, at the conclusion of the hearing, instead of attempting to make some argument on Sturgill's behalf to support the motion or at least reiterating his client's desire to have the plea withdrawn, defense counsel actually argued against his client's position telling the trial court that "I spent a great deal of time with Mr. Sturgill when we received the new offer and I just want to say for the record that I did explain fully to him."

On the balance, we must conclude that defense counsel's desire to have the plea he negotiated with the Commonwealth move forward was averse to Sturgill's interest in having his plea withdrawn. A review of the record shows that while counsel made the motion to withdraw in form, he offered Sturgill no assistance in accomplishing its objective. Even if counsel did not believe that he could prove that the plea agreement was actually involuntary, he could have urged the court to exercise its discretion to set it aside. *See Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012) ("[T]he rule [RCr 8.10] makes clear that the trial court *may* permit the defendant to withdraw even a valid plea."). He did not do so. Instead, counsel actually argued against his own client by making sure he stated for the record that he adequately explained the plea to Sturgill and had devoted a lot of time to his client's cases. Another point of conflict was interjected into the process when Sturgill testified on cross-examination that he was forced into making the plea. After this testimony, counsel should have at least questioned Sturgill on redirect as to why Sturgill believed this to be the case. Instead, he remained silent when the trial court asked him if there was anything further.

We acknowledge that defense counsel was placed in a difficult position. Defense counsel had a duty to zealously represent his client and also to be candid with the trial court regarding his opinion of his own representation. Certainly, we do not suggest that defense counsel should have made arguments to the trial court that he did not believe were supported by the facts. However, we cannot overlook that defense counsel: 1) informed the trial court that he would move to withdraw from representing Sturgill if the court allowed Sturgill to withdraw his plea; 2) failed to question Sturgill regarding his testimony that he was forced into the plea; 3) made statements on the record that went against his client's motion; and 4) failed to advo-

cate whatsoever in favor of withdrawal. These facts paint a picture of a defense counsel working toward his own desire to see the plea upheld instead of advocating for his client who wanted to see the plea undone. The juxtaposition of these competing objectives created a conflict of interest in this case that we believe should have been remedied by the appointment of replacement counsel. *See Zapata*, 516 S.W.3d at 803 ("[C]ounsel was placed in the untenable position of defending her own interests which were adverse to her clients.").

■ Because Sturgill did not object on this basis on that trial court level, we must next consider whether Sturgill has demonstrated a palpable error. An unpreserved error requires reversal only "if a manifest injustice has resulted from the error," which means there "is [a] probability of a different result or [the] error [is] so fundamental as to threaten a defendant's entitlement to due process of law." *Cardine v. Commonwealth*, 283 S.W.3d 641, 651 (Ky. 2009) (citing *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006)). In both *Ruano* and *Zapata*, our Supreme Court held that this type of error creates a manifest injustice because evidentiary hearings were required in which additional testimony, including that of the attorneys, was required to properly adjudicate the motion to withdraw. Following those cases, we conclude that a palpable error also occurred in this case.

■ The remedy of such an error has been spelled out clearly by our Supreme Court. We will:

rewind this matter to the point in time when [Sturgill] had already entered his plea but before he was sentenced.... Thus, we think mandating a hearing on remand is inappropriate. Instead, the appropriate remedy is to vacate the judgment but not, at this point, the guilty plea, and to remand for further

proceedings as may be required, depending on the action of [Sturgill].

*Tigue*, 459 S.W.3d at 390. On remand, Sturgill may again seek to withdraw his guilty plea.

And if he does, he is entitled to the assistance of counsel (other than the trial counsel he accuses of having acted ineffectively) and to be heard on his underlying claims. But such a defendant might not again seek to withdraw his plea. He could, for example, be enticed by the Commonwealth to leave his plea in place by a recommendation of a lesser sentence or a favorable parole recommendation.

*Id.*

### III. CONCLUSION

For the foregoing reasons, we vacate the judgment and the order denying Sturgill's motion to withdraw his guilty plea. The case is remanded to the trial court for further proceedings consistent with this opinion.

ALL CONCUR.