RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0026-MR

CHRISTINA FAULKNER YATES                                    APPELLANT

v.                  APPEAL FROM LIVINGSTON CIRCUIT COURT
              HONORABLE CLARENCE A. WOODALL, III, JUDGE
                          ACTION NO. 20-CR-00049

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Christina Faulkner Yates appeals from an oral order of

the trial court which denied her motion to withdraw her guilty plea. We find that

the court erred; therefore, we vacate her conviction and remand for further

proceedings.

# FACTS AND PROCEDURAL HISTORY

In June of 2020, Appellant was indicted on multiple counts of crimes related to sexual abuse. On September 24, 2021, Appellant entered a guilty plea on the charges and a plea colloquy was performed. The colloquy was standard and no major issues arose. The court accepted the plea and found it was entered voluntarily.

The sentencing hearing was held on November 17, 2021. At the beginning of the hearing, counsel for Appellant indicated that Appellant wanted to withdraw her guilty plea. Counsel requested a one-month continuance and for new counsel to be appointed in order to file the guilty plea withdraw motion. The court then questioned Appellant about why she wanted to withdraw her plea. Appellant stated that she was unhappy with the agreement because she was not present when the alleged crimes were committed and that she did not believe she was guilty. She also stated that she tried to convey this to defense counsel prior to entering the guilty plea, but that counsel did not understand what she was trying to convey.[1]

The Commonwealth objected to a continuance and argued that sufficient grounds had not been set forth to allow Appellant to withdraw her guilty plea. At this point defense counsel stated:

> Your honor, I do understand the Commonwealth's point
> that sufficient grounds have not been laid.

---

[1] It is unclear what Appellant meant by this statement because the trial court interrupted her.

Unfortunately, I'm not in the position to be able to put that forth because I do believe that I am in a situation where new counsel does need to be appointed for her in order to put forth those grounds in regard to her plea, in withdrawing her plea. So, I am asking just for one month. We can have somebody here next month to have already filed that motion to withdraw the plea and be prepared for the hearing.

The trial court declined to grant a continuance or appoint new counsel. The court denied the motion to withdraw the guilty plea and continued with the sentencing. Appellant was sentenced in accordance with the plea agreement. This appeal followed.

## ANALYSIS

Under the terms of Kentucky Rules of Criminal Procedure (RCr) 8.10, a criminal defendant who has pleaded guilty may withdraw the plea under certain conditions. "If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (internal citations omitted). The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard. *Id.* A decision that is supported by substantial evidence is not clearly erroneous. *Id.* If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard. *Id.* A trial court abuses its discretion when it renders a decision that is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id.*

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969)).

It is well accepted that "[a] criminal defendant has a right to be represented by counsel that extends beyond the actual trial to every critical stage of the proceedings." *Stone v. Commonwealth*, 217 S.W.3d 233, 237 (Ky. 2007). "[A] motion to withdraw a guilty plea made before entry of the final judgment of conviction and sentence is a 'critical stage' of the criminal proceedings to which the right to counsel attaches." *Commonwealth v. Tigue*, 459 S.W.3d 372, 384 (Ky. 2015). "[P]rejudice may be presumed, and a *per se* Sixth Amendment violation may thus be found, when there has been a complete denial of counsel . . . at a critical stage of the criminal proceeding . . . or when counsel is burdened by an actual conflict of interest[.]" *Id.* at 385 (internal citations and quotation marks omitted).

*Sturgill v. Commonwealth*, 533 S.W.3d 204, 208 (Ky. App. 2017).

Appellant argues on appeal that the trial court erred in not appointing new counsel and holding a hearing on her motion to withdraw. We agree that the trial court erred in denying Appellant new counsel.[2]

The decision to seek to withdraw a guilty plea is not merely trial strategy, and cannot be made by counsel. If

---

[2] We make no decision regarding the need for a hearing. That will be determined by the trial court on remand.

-4-

a defendant has entered a guilty plea and, before entry of final judgment, desires to seek to withdraw that plea, whether because it was allegedly entered in error, under duress, or other reason, he is entitled to the assistance of counsel in making such a request.

*Tigue*, 459 S.W.3d at 386.

As stated above, a defendant is entitled to representation during a motion to withdraw a guilty plea. *Sturgill*, *supra*. Here, we believe Appellant was denied counsel at this stage of the proceedings because defense counsel did not participate in the motion. Appellant's counsel filed no motion to withdraw the plea, made no arguments regarding the oral motion, and did not question Appellant regarding her reasons for wanting to withdraw her plea. Defense counsel clearly believed new counsel was required; therefore, we believe it was appropriate and proper for her not to participate fully in the motion.

In the previously cited cases of *Sturgill* and *Tigue*, a defendant moved to withdraw a guilty plea. In both of these cases, defense counsel refused to participate in the motion to withdraw a guilty plea. In *Tigue*, defense counsel did not file a motion to withdraw the guilty plea as requested by the defendant. After the defendant made an oral motion to withdraw during his sentencing hearing, defense counsel did not ask any questions of the defendant, make any arguments supporting the motion to withdraw, or otherwise participate in the motion on the defendant's behalf. *Tigue*, 459 S.W.3d at 386.

In *Sturgill*, defense counsel made an oral motion to withdraw a guilty plea at the sentencing hearing, but indicated the motion was against his advice. Counsel also indicated that he would wish to withdraw from further representation should the motion be granted. Finally, while defense counsel did ask the defendant questions during the hearing, they were aimed at trying to persuade the defendant to accept the deal and not in support of his motion to withdraw the plea. *Sturgill*, 533 S.W.3d at 210.

In both *Tigue* and *Sturgill*, the defendants were denied counsel during their motions to withdraw the guilty pleas because counsel did not advocate on their behalf or otherwise meaningfully participate. A similar situation has occurred here, although in a different manner. Defense counsel in this case believed she was not able to argue the motion to withdraw on Appellant's behalf and moved for new counsel. In other words, defense counsel believed she was ethically prohibited from participating. While she did not refuse to participate like the attorneys in *Tigue* and *Sturgill*, the outcome is still the same and Appellant was denied counsel.

Further supporting our conclusion is the case of *Zapata v. Commonwealth*, 516 S.W.3d 799 (Ky. 2017). In *Zapata*, a defendant moved to withdraw a guilty plea and indicated he entered the plea due to the ineffective assistance of counsel. He also alleged the plea was not voluntarily entered.

-6-

Defense counsel declined to participate in the motion before the trial court due to the ineffective assistance of counsel allegations. Defense counsel, citing *Tigue*, stated that the defendant was entitled to counsel, but that she could not participate. The Kentucky Supreme Court held that because defense counsel refused to assist the defendant in his motion to withdraw his guilty plea, he was denied the assistance of counsel. *Id.* at 802.

In the case at hand, trial counsel brought Appellant's motion before the court, but declined to participate in any other manner as she believed it would be improper. She did not question Appellant and did not make any arguments in Appellant's favor. In fact, she twice asked for new counsel to be appointed for Appellant in order to fully litigate the issue. Appellant was denied counsel at this stage by the trial court's refusal to appoint new counsel, and this was a violation of Appellant's Sixth Amendment rights and prejudicial. *Sturgill*, 533 S.W.3d at 208.

In addition, there is some suggestion that there may be a conflict of interest in this case that prohibited Appellant's trial counsel from proceeding. Appellant stated that she tried to tell her counsel that she was not happy with the plea agreement prior to pleading guilty, however, there was some miscommunication. As stated above, this issue was not explored because the trial court interrupted her testimony and defense counsel asked no follow-up questions. This, along with defense counsel's insistence that new counsel be appointed

suggests that Appellant and her counsel might have had conflicting interests. This too would require new counsel pursuant to *Tigue* and *Sturgill*.

## CONCLUSION

Based on the foregoing, we vacate Appellant's conviction and remand for further proceedings. We do not vacate Appellant's guilty plea. On remand, Appellant may again move to withdraw her guilty plea and must be given new counsel to do so. The proceedings should then proceed as they normally would. In other words, we "rewind this matter to the point in time when [Appellant] had already entered [her] plea but before [she] was sentenced." *Tigue*, 459 S.W.3d at 390.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky