RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0411-MR

ELIJAH AMBURGEY                                                    APPELLANT


v.        APPEAL FROM FRANKLIN CIRCUIT COURT
        HONORABLE PHILLIP J. SHEPHERD, JUDGE
        ACTION NO. 19-CR-00322


COMMONWEALTH OF KENTUCKY                                           APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

CALDWELL, JUDGE: Elijah Amburgey ("Amburgey") appeals the Franklin

Circuit Court's denial of his motion to withdraw his guilty plea. We affirm.

## FACTS

In 2019, Amburgey shot and killed Xavier Cochrum after a marijuana

transaction disintegrated. He was indicted on charges of murder, assault in the first

degree, and wanton endangerment in the first degree.[1] Following plea negotiations, Amburgey entered a plea to manslaughter in the second degree and assault in the second degree. The wanton endangerment charge was dismissed. Per the terms of the plea agreement, he was to serve concurrent sentences totaling ten (10) years' imprisonment.

During the entry of the plea, the trial court conducted a colloquy with Amburgey to ensure his plea was knowing, intelligent, and voluntary. Following the trial court's acceptance of the plea, Amburgey's counsel requested that he be released on home incarceration pending sentencing. The trial court requested that counsel make the request in writing.

Counsel filed a written motion, alleging that Amburgey would not have entered the plea without having been promised that he would be released on home incarceration until sentencing. The Commonwealth responded in writing, agreeing that it had promised not to *object* to the motion, but pointing out that it had no authority to ensure that Amburgey was released on home incarceration and that it was up to the trial court to make that determination. At the hearing on the motion, the trial court pointed out that the written plea agreement did not include that term. Further, the trial court forwarded, the court was not a party to the

---

[1] Two other men were present for the ill-fated transaction. Ezavion Peyton was shot by Amburgey who also shot in the direction of Patrick Greenlee.

agreement and had not assented to imposing home incarceration. The trial court

later issued a written order denying the release.

Following the denial of the motion for home incarceration, Amburgey

filed a motion to withdraw his guilty plea, which was denied. He appeals that

determination.

## STANDARD OF REVIEW

The standard of review on a motion to withdraw a guilty plea is well-

established.

> [T]he proper yardstick for our review in this case is a
> determination of whether the trial court abused its
> discretion in denying Greene's motion. The *Pridham*
> Court itself recognized that the decision whether to grant
> a pre-judgment motion to withdraw a voluntary guilty
> plea is left to the trial court's "sound discretion." To be
> sure, the text of RCr[2] 8.10 itself declares that the trial
> court may permit a defendant to withdraw a guilty plea.
> At its heart, a motion to withdraw a voluntarily entered
> guilty plea is an appeal to the discretion of the trial court.
> Greene suggests that because his situation involves a
> non-collateral, constitutional issue (ineffective assistance
> of counsel), we should conduct his suggested *de novo*
> review. But we see no reason to depart from what
> appears to be a well-established policy of keeping the
> decision to grant or deny voluntary guilty pleas within
> the trial court's prerogative. So we will not disturb the
> denial of Greene's motion to withdraw his guilty plea
> absent a determination that the trial court's ruling was

---

[2] Kentucky Rules of Criminal Procedure.

-3-

"arbitrary, unreasonable, unfair, or unsupported by legal principles."[3]

*Greene v. Commonwealth*, 475 S.W.3d 626, 630 (Ky. 2015) (some footnotes omitted) (citing *Pridham v. Commonwealth*, 394 S.W.3d 867 (Ky. 2012)).

## ANALYSIS

The question before us is a simple one, *i.e.*, did the trial court abuse its discretion in denying Amburgey's motion to withdraw his plea. We find it did not.

RCr 8.10 provides, in part, "At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." Note that the trial court *may* permit the plea to be withdrawn. The use of this term makes it quite clear that the trial court maintains the discretion to determine whether to grant or deny the motion to withdraw the plea. "At its heart, a motion to withdraw a voluntarily entered guilty plea is an appeal to the discretion of the trial court." *Greene*, 475 S.W.3d at 630.

We agree with the trial court that Amburgey's plea was voluntarily, intelligently, and knowingly entered. The trial court questioned Amburgey at length about the entry of the plea. The court found he voluntarily agreed to the plea, understood what he was waiving by pleading guilty, and understood the parameters of the agreement. We find no fault with this finding.

---

[3] *Commonwealth v. English*, 993 S.W.2d 941 (Ky. 1999).

-4-

After the plea was entered, counsel immediately asked that the sentencing be delayed for sixty (60) days because the parties had agreed Amburgey would be released on home incarceration pending sentencing. The trial court reminded counsel that it was not bound by any agreement between the parties. The court requested a written motion be filed but declined to release Amburgey on home incarceration that day. When counsel pressed, the trial court expressed he had concerns about granting Amburgey home incarceration and reiterated that a motion needed to be filed.

After the motion was filed, a hearing was held. Counsel argued that release on home incarceration was a part of the plea but did not appear in the plea paperwork. The trial court reminded counsel that only the court has the authority to impose home incarceration, that the Commonwealth had not objected to the motion, and that the court was not a party to any negotiations between the defense and prosecution. The court then denied the motion to place Amburgey on home incarceration pending sentencing. Such determination was completely within the discretion of the trial court.

Amburgey was only entitled to absolutely withdraw his guilty plea if the trial court refused to accept the agreement reached between the parties. The trial court accepted the plea agreement and all written terms.

> RCr 8.10 requires that "upon the determination of a trial
> court that it will not follow the plea agreement made

> between the prosecutor and the defendant, the defendant has a right to withdraw the guilty plea without prejudice to the right of either party to go forward from that point." *Haight v. Commonwealth*, 938 S.W.2d 243, 251 (Ky. 1996) (*citing Commonwealth v. Corey*, 826 S.W.2d 319 (Ky. 1992)).

*Covington v. Commonwealth*, 295 S.W.3d 814, 816 (Ky. 2009).

While the parties may have discussed releasing Amburgey on home incarceration pending sentencing during negotiations, that term was not included in the written plea agreement presented to the court. It was only after the trial court assented to the written agreement that the term of home incarceration was raised by Amburgey's counsel.

It should be noted that once the court denied the motion, conflict counsel was appointed to Amburgey to file the motion to withdraw the plea. Such was proper. *See Sturgill v. Commonwealth*, 533 S.W.3d 204, 210-11 (Ky. App. 2017). In the motion, conflict counsel acknowledged there was nothing contained within the written motion to enter a guilty plea concerning Amburgey being released on home incarceration prior to sentencing.

No hearing was requested on the motion to withdraw the plea, even when conflict counsel was specifically asked by the trial court if he was requesting a hearing. Most importantly, the motion never alleged that the entry of the plea was involuntary, rather stating only that Amburgey "believed" that if he entered the plea the court would release him on "bond" pending sentencing. This is simply

-6-

not sufficient for a suggestion that the plea was entered involuntarily. Further, when considered after the thorough colloquy engaged in by the trial court at the time of the entry of the plea, there was no reason for the court to suspect that the plea was involuntary, meaning a hearing was unnecessary.

> Appellant moved the court to withdraw his guilty plea pursuant to RCr 8.10. Criminal Rule (RCr) 8.10 provides that, "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." Though an RCr 8.10 motion is generally within the sound discretion of the trial court, a defendant is entitled to a hearing on such a motion whenever it is alleged that the plea was entered involuntarily. *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002); *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001); *see also Brady v. United States*, 397 U.S. 742, 749, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970).

*Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006).

The trial court denied the motion after reviewing the entry of the plea and the arguments of the parties. The court had complete discretion whether to allow the plea to be withdrawn as judgment had yet to be imposed.

> If, however, the trial court determines the plea was voluntary, it may deny the motion to withdraw and enforce the plea. *Id.* The trial court is in the best position to determine if there was any "reluctance, misunderstanding, involuntariness, or incompetence to plead guilty," *Bronk* [*v. Commonwealth*], 58 S.W.3d [482], 487, and "solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

*Porter v. Commonwealth*, 394 S.W.3d 382, 386 (Ky. 2011).

As the trial court had questioned Amburgey about the voluntariness of his plea and ensured that he understood the written agreement presented to the court at the time of the entry of the guilty plea, it was not an abuse of discretion to overrule the motion to withdraw the plea.

## CONCLUSION

The trial court did not abuse its discretion when it denied Amburgey's motion to withdraw his guilty plea after considering the record and finding the plea was voluntary. The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky