RENDERED: MARCH 29, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1317-MR

JOHN BOULDER, IV                                                   APPELLANT

v.             APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 20-CR-00257-002

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: John Boulder, IV, brings this appeal from an August 9, 2022, Order of the Fayette Circuit Court denying his Motion to Withdraw Guilty Plea. We affirm.

Boulder was indicted by a Fayette County Grand Jury upon two counts of facilitation to murder and one count each of tampering with physical evidence, facilitation to first-degree criminal mischief, facilitation to first-degree wanton endangerment, and facilitation to first-degree assault. The indictment

stemmed from an incident that resulted in multiple gunshots being fired from one vehicle into another vehicle. Two of the three occupants died as a result of their injuries; the third occupant was shot as he fled the vehicle but survived. A subsequent investigation indicated that the shootings occurred as retaliation between rival gangs and that Boulder was driving the vehicle from which the shots were fired.

Boulder's case and the cases of his co-defendants were subsequently referred to mediation. The mediation resulted in Boulder and his co-defendants agreeing to enter guilty pleas. The plea agreements were contingent upon all of the defendants accepting the plea offers made by the Commonwealth. Pursuant to the plea agreement, Boulder ultimately pleaded guilty to two counts of facilitation to commit murder. In exchange, the remaining charges against Boulder would be dismissed, and he would be sentenced to seven-years' imprisonment. As part of the plea agreement, the Commonwealth also agreed to dismiss a separate indictment (Action No. 20-CR-00211) wherein Boulder had been charged with first-degree strangulation. Boulder's guilty plea was entered on March 31, 2022, and sentencing was set for June 15, 2022.

On June 3, 2022, Boulder filed a motion to withdraw his guilty plea. In support of his motion, Boulder asserted that: (1) the Commonwealth did not turn over cell phone information (Cellebrite report) that would have shown he was

not present at the scene of the shootings; (2) additional discovery was provided after his guilty plea which demonstrated further inconsistencies in the testimony of the Commonwealth's witness, E.T.; and (3) he was not informed of the implications the guilty plea would have on his other pending charges, particularly the charge of engaging in organized crime (Action No. 21-CR-00494-006). Following a hearing, the circuit court denied Boulder's motion to withdraw his guilty plea. This appeal follows.

Boulder asserts that the circuit court erred by denying his motion to withdraw his guilty plea. More particularly, Boulder asserts that his guilty plea was not entered intelligently and voluntarily.

Kentucky Rules of Criminal Procedure (RCr) 8.10 governs the withdrawal of guilty plea in Kentucky and provides that a court may permit a defendant to withdraw a guilty plea before final judgment. If the guilty plea was entered involuntarily, the court must grant the motion to withdraw. *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002) (citations omitted); *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). Conversely, if the guilty plea was entered voluntarily, the circuit court may utilize its discretion to grant or deny the motion. *Id.* A plea is considered valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sturgill v. Commonwealth*, 533 S.W.3d 204, 208 (Ky. App. 2017) (citing *Sparks v.*

*Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986)).  Additionally, we review the trial court's findings of voluntariness under the clearly erroneous standard. *Rigdon*, 144 S.W.3d at 288.

In its August 9, 2022, Order denying Boulder's motion to withdraw his guilty plea, the circuit court found that Boulder's guilty plea was entered knowingly, intelligently, and voluntarily.  The circuit court specifically reasoned:

> Boulder knowingly, intelligently, voluntarily, and willingly entered his plea of guilty.  During negotiations with the Commonwealth, Boulder was provided an adequate explanation of the terms of the plea agreement.  Further, Boulder affirmed that he was entering his plea voluntarily and intelligently and that he had no complaints regarding his attorney's representation of him.  At no point during the entry of his plea did Boulder express any concerns about the implications of the plea on his other cases or his inability to review a Cellebrite report of his own phone prior to the plea.
>
> The Defendant's cell phone was seized and still held by police.  As the Court understands it, he complains now of not having a Cellebrite report from his own phone that might possibly show by cell tower location he was not in proximity of the shooting.  Because that phone is "locked," the police cannot readily access the phone, have not been able to do so to date, and it's unknown if and when they might be able to do so unless the Defendant provides the access code.  That information has been known to the Defendant and his counsel during the pendency of this action.  The Defendant has not provided that access code.  It may be possible some data from a Cellebrite report could shed some light on the location of that phone at the time of the shooting.  However, [c]ell phone tower data can be otherwise obtained by subpoena to the cell phone

-4-

provider. There has been ample opportunity to obtain that evidence.

On the subject of witness E.T.'s redacted statements, those written transcripts were made available to the Defendant and his trial counsel prior to the plea. Nothing therein appears to have a material bearing on the Defendant's plea. At any given point during the pendency of a criminal case, is every possible fact known or knowable[?] This Defendant was sufficiently apprised of information to intelligently and voluntarily enter a plea, or had the opportunity to not [do] so, which he waived. The Court also finds that there is a lack of evidence as to the assertion the Defendant was not adequately apprised as to the effect his plea may have on other pending criminal charges.

August 9, 2022, Order at 4-5.

The circuit court determined that Boulder's plea was intelligently and voluntarily made. And, based upon our review of the record and the analysis outlined above in the circuit court's Order, we cannot conclude that the circuit court's finding that the plea agreement was entered intelligently and voluntarily was clearly erroneous. There was more than substantial evidence of a probative value to support this finding by the circuit court. Additionally, the circuit court did not abuse its discretion by denying Boulder's motion to withdraw his guilty plea. The court's decision was cogently reasoned, supported by facts, and supported by sound legal authority. Accordingly, we hold that the circuit court did not commit error by denying Boulder's motion to withdraw guilty plea.

For the foregoing reasons, the Order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky