RENDERED: APRIL 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1280-MR

GERALD EVANS                                                      APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE DANIEL J. ZALLA, JUDGE
ACTION NOS. 14-CR-00988 AND 15-CR-00607

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE,
JUDGES.

GOODWINE, JUDGE: Gerald Evans (Evans) appeals from final judgments

entered on October 5, 2022. On appeal, Evans argues the circuit court erred in

denying his motion to withdraw his guilty plea. After a careful review of the

pleadings, finding no error, we affirm.

## BACKGROUND

At the heart of Evans' appeal is the Opinion and Order entered on May 26, 2022, denying his motion to withdraw his guilty plea. Before we delve into the merits of this case, we must first address the record. The Court of Appeals received two volumes of record, one volume for each of the criminal cases at issue and three CDs. The Judgment and Sentence entered on October 5, 2022, was the only document contained in each record. The Commonwealth references the incompleteness of the record on appeal and suggests we not consider the merits of Evans' appeal because he is responsible for ensuring the record on appeal is complete. However, the scant record is not Evans' fault.

After the trial court denied his motion to withdraw his guilty plea, Evans appealed. Following Evans' Notice of Appeal, our Court received three volumes of record with multiple pleadings. The Department of Public Advocacy (DPA) checked out the record to prepare for the briefing schedule. However, another panel of this Court dismissed Evans' appeal as interlocutory.[1] Thereafter, DPA returned the record to the Court of Appeals.

Following finality, the Court of Appeals returned the three volumes of record to the Campbell Circuit Court by UPS. However, no receipt was received from the Campbell Circuit Clerk. It is unclear what happened to those three

---

[1] Case No. 2022-CA-0774-MR.

volumes of record. The Campbell Circuit Clerk could not locate them and could not confirm receipt. The Campbell Circuit Clerk confirmed that the only pleading filed in each of the two criminal cases since the interlocutory appeal was the Judgment and Sentence.

Evans appended to his brief copies of all the relevant documents entered in the two criminal cases, all of which contain Bates-stamped page numbers, in a logical sequence as if copied from the record of each case during the interlocutory appeal.[2] That makes sense given that DPA checked out the record in No. 2022-CA-0774-MR before its dismissal.

The Court has also received a total of three CDs, and as the Commonwealth indicates, can reconstruct the sequence of events from those hearings. Therefore, we will proceed with our analysis of the merits.

Evans was indicted multiple times by a Campbell County Grand Jury between November 15, 2014, and October 8, 2020. In Case No. 14-CR-00988, Evans was charged with theft by unlawful taking (over $500 but less than $10,000) (TBUT),[3] unauthorized use of a motor vehicle, and being a first-degree persistent

---

[2] Appendix, Tab 1 – Final Judgments – 14-CR-00988 and 15-CR-00607
Tab 2 – Indictments in 14-CR-00988 and 15-CR-00607
Tab 4 – Plea Agreements, Motions to Enter Guilty Plea, and Judgments on a Guilty Plea
Tab 5 – Motion to Withdraw Guilty Plea
Tab 6 – Opinion and Order (denying motion to withdraw guilty plea) – May 26, 2022

[3] Under the version of Kentucky Revised Statutes (KRS) 514.030(2)(d) in effect at the time, this offense was a Class D felony. Notably, the General Assembly amended KRS 514.030 several

felony offender (PFO1). In Case No. 15-CR-00607, Evans was charged with possession of a handgun by a convicted felon, first-degree wanton endangerment, and being a PFO1. In Case No. 15-CR-00104, Evans was charged with first-degree possession of a controlled substance and possession of marijuana.[4]

In July 2021, Evans reached a global plea deal that resolved three cases as well as several uncharged offenses. From the plea colloquy and the appended documents, we can ascertain the following:

In Case No. 14-CR-00988, Evans pleaded guilty to felony TBUT in exchange for a recommended 1-year sentence. The PFO1 and driving charges were dismissed, as well as the charges in Case No. 15-CR-00104 (possessing marijuana and a controlled substance). In Case No. 15-CR-00607, Evans pleaded guilty to the handgun charge and PFO 2 (amended from PFO1) in exchange for a recommended 11-year sentence. The wanton endangerment charge was dismissed. The total recommended sentence was twelve years. As a result, Evans was not indicted on three counts of bail jumping. The Campbell County sentences ran consecutively to sentences in Kenton County Case No. 19-CR-00829.

---

years after Evans was indicted so that by the time he pleaded guilty, his TBUT offense could be charged only as a Class A misdemeanor. 2021 Ky. Acts Ch. 66 (HB 126), § 8 (current version at KRS 514.030).

[4] This case was dismissed in exchange for Evans' pleas of guilty in 14-CR-00988 and 15-CR-00607. Evans did not appeal 15-CR-00104.

During the plea colloquy, the trial court questioned Evans and his counsel in detail. Thereafter, the trial court accepted Evans' pleas and set a sentencing date. At sentencing, however, Evans didn't want to proceed further. Instead, his counsel advised that Evans wanted to file a motion to withdraw his plea. Evans confirmed his desire to withdraw his plea and the trial court allowed him to file a motion to withdraw his pleas. Sentencing was postponed. Evans filed a *pro se* motion to withdraw his plea.

The trial court appointed conflict counsel, who also filed a motion to withdraw the plea. An evidentiary hearing was held on April 19, 2022, during which Evans testified as well as his attorneys from DPA. The trial court denied Evans' motions to withdraw his guilty plea by written order entered May 26, 2022. On October 5, 2022, the trial court sentenced Evans to twelve years per his plea deal and this appeal followed.[5]

## STANDARD OF REVIEW

Under Kentucky law, a plea must be knowing, intelligent, and voluntary to be valid. *Williams v. Commonwealth*, 229 S.W.3d 49, 50-51 (Ky. 2007) (citations omitted). Before accepting a plea, a trial court must determine that

---

[5] Evans has since been paroled.

the defendant made it voluntarily and with the understanding of the nature of the charge. RCr[6] 8.08.

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Id.*

Under RCr 8.10, a criminal defendant who has pleaded guilty may withdraw the plea under certain conditions. "If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion." *Sturgill v. Commonwealth*, 533 S.W.3d 204, 208 (Ky. App. 2017) (citation omitted). We review this decision under the abuse of discretion standard. *Id.* A trial court abuses its discretion when it renders a decision that is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id.*

The trial court's determination of whether the plea was voluntarily entered is fact-sensitive and reviewed under the clearly erroneous standard. *Id.* A decision that is supported by substantial evidence is not clearly erroneous. *Id.* "Substantial evidence has been defined as facts of substance and relative

---

[6] Kentucky Rules of Criminal Procedure.

-6-

consequence having the fitness to induce conviction in the minds of reasonable persons." *Morton v. Commonwealth*, 232 S.W.3d 566, 568 (Ky. App. 2007) (citation omitted).

## ANALYSIS

Evans argues on appeal that he was misinformed and misled into pleading guilty to the felony instead of the misdemeanor by his trial counsel and his plea resulted in an illegal sentence. Thus, Evans argues that he was persuaded to enter a plea he didn't understand and that his attorney's failure to understand the changes in the law casts a shadow over the voluntariness of the plea and, in essence, represented ineffective assistance of counsel.

"At common law, when the legislature modified or repealed a statute, [] courts no longer had the authority to enter any judgment relying upon the prior law." *Lawson v. Commonwealth*, 53 S.W.3d 534, 550 (Ky. 2001). KRS 446.110 modified this rule so that, unless the General Assembly specifically says otherwise, "'offenses committed against the statute before its repeal, may thereafter be prosecuted, and the penalties incurred may be enforced.'" *Id.* (citation omitted). Per the statute, courts must sentence a defendant under the law that existed when the crime was committed unless the defendant "specifically consents to the application of a new law which is 'certainly' or 'definitely' mitigating." *Lawson*, 53 S.W.3d at 550 (citations omitted). For a defendant to have a new law apply

-7-

rather than the harsher older one, he must "consent." *See* KRS 446.110 ("If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect."). If the defendant doesn't consent, he will be sentenced under the old law.

Here, Evans didn't consent to the application of the new version of KRS 514.030. According to his attorney, Evans advised he was willing to resolve the cases for a total sentence of twelve years, pleading guilty to the felony TBUT with its one-year sentence was a way to get to this twelve-year goal, this was strategic, and Evans consented to forego the misdemeanor for the sake of securing the global plea deal.

In other words, Evans knew of his options and chose to stick with the felony TBUT to achieve his ultimate goal. It is not uncommon for defendants facing either a one-year felony sentence or a 12-month misdemeanor sentence to forego the misdemeanor and be sentenced on the felony instead, knowing that one year of state time is less than 12 months of county time.

Considering KRS 446.110 and Evans' purposeful choice to forego its benefits, Evans' trial counsel did not advise Evans to accept an illegal sentence and the trial court did not impose one. On the contrary, his counsel's advice was consistent with the law and with what Evans wanted. Thus, neither counsel's

-8-

advice nor the trial court's sentencing decision provides a valid basis to set aside his pleas.

Evan next contends that the trial court's process in evaluating his withdrawal motions was inappropriate. He alleges that when a defendant moves to withdraw his plea and contests the effectiveness of his plea counsel, "the trial court must 'consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel.'"[7]

> The trial court in Gerald's case failed to do this and opted for two separate findings. The trial court found that the plea was voluntary on the face of the *Boykin* plea colloquy and then did an ineffective assistance of counsel analysis similar to an RCr 11.42 claim. The trial court failed to juxtapose the two issues.[8]
>
> . . .
>
> What is more, the trial court failed to utilize the proper standard of review by not juxtaposing the voluntariness of the plea against the ineffectiveness of [trial counsel].[9]

This Court's decision in *Rigdon v. Commonwealth*, states a defendant "may demonstrate that his guilty plea was involuntary by showing that it was the

---

[7] Appt. Br. at 7 (quoting *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (quoting *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001) (footnotes and internal quotation marks omitted))).

[8] Appt. Br. at 8.

[9] *Id.* at 12.

result of ineffective assistance of counsel." 144 S.W.3d 283, 288 (Ky. App. 2004).[10] The invalidity of a guilty plea based upon the allegedly deficient performance of defense counsel must be predicated upon the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 2d 674 (1984). *Id.*

In other words, to succeed on a claim of entitlement to withdraw a plea due to ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell outside the wide range of professionally competent assistance, and that (2) there is a reasonable probability that, but for the deficient performance of counsel, the defendant would not have pled guilty, but would have insisted on going to trial. In making that determination, the trial court must consider and weigh the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2006).

The Kentucky Supreme Court in *Bronk*, offered guidance in applying the *Strickland* standards to the withdrawal of a guilty plea by requiring a "showing that counsel's assistance was ineffective in enabling a defendant to intelligently

---

[10] "Once Rigdon raised a particularized claim of ineffective assistance of counsel, the circuit court needed to look beyond the plea colloquy to determine whether his plea was voluntarily entered under the totality of the circumstances surrounding his plea." *Rigdon*, 144 S.W.3d at 290.

weigh his legal alternatives in deciding to plead guilty . . . ." 58 S.W.3d at 486-87. *Bronk* also instructs that the *Strickland* determinations are to be based upon "the totality of the circumstances surrounding the guilty plea . . . an inherently factual inquiry which requires consideration of 'the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made.'" *Id.* at 487 (quoting *Centers v. Commonwealth*, 799 S.W.2d 51, 54 (Ky. App. 1990)). Kentucky adheres to the principle that "the trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty" at the time of the plea, *Centers*, *supra*, as well as being in a "'superior position to judge [witnesses'] credibility and the weight to be given their testimony' at an evidentiary hearing." *Bronk*, 58 S.W.3d at 487 (quoting *Kotas v. Commonwealth*, 565 S.W. 2d 445, 447 (Ky. 1978)).

Evans' complaint about his trial counsel's advice regarding the felony TBUT plea, is meritless. If Evans cannot establish that trial counsel provided bad advice that prejudiced him, then he cannot show that it was his attorney's advice that rendered his plea involuntary. Considering the plea colloquy itself and the testimony from the evidentiary hearing, the totality of the circumstances demonstrates a constitutionally valid plea.

# **CONCLUSION**

Based on the foregoing, the October 5, 2022, judgments of the

Campbell Circuit Court are AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Adam Meyer                          Russell Coleman
Frankfort, Kentucky                 Attorney General of Kentucky

                                    Jeffrey A. Cross
                                    Assistant Attorney General
                                    Frankfort, Kentucky